STEAMSHIP TERMINAL OPERATING CORPORATION et al. v. SCHWARTZ, Deputy Commissioner, et al.

No. 197.

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1944.

8

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

Charles F. Bachmann and John P. Smith, both of New York City, for appellants.

Frank G. Colgan, of Brooklyn, N. Y., for appellee, Delia Donohue.

Frank C. Dufficy and James B. M. McNally, U. S. Atty., both of New York City, for Deputy Commissioner.

PER CURIAM.

■ This appeal depends upon how far the District Court, or this court, has power to review findings of fact, made by a deputy commissioner in a proceeding under Chapter 18 of Title 33 U.S.C.A. That statute does not use the rubric, now become so familiar in proceedings to review orders of administrative tribunals, that the findings are conclusive, if there is substantial evidence to support them. Instead § 921(b) merely says that the order may be enjoined, "if not in accordance with law"; and § 921(c) repeats that phrase. Laying aside whatever remains of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598— which touched an issue not here involved —the Supreme Court has several times declared that, if there is evidence to support the findings of a deputy commissioner, they must be affirmed; and by this we understand "substantial" evidence. Voehl v. Indemnity Insurance Co., 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; DelVecchio v. Bowers, 296 U.S. 280, 286, 287, 56 S.Ct. 190, 80 L.Ed. 229; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257, 258, 60 S.Ct. 544, 84 L.Ed. 732. So long as Congress prefers to resort to officials of specialized qualifications rather than to the ordinary courts, we should not read straitly the language used, to discover distinctions between one tribunal and another. Our review is being more and more circumscribed to questions of law which inescapably emerge in the record (Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239; Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249), and there is no reason to assume that differences of intent lurk in the variant locutions which happen to be chosen.

■ That being so, we can do nothing here but affirm the order. It may very well be, as plaintiffs assert, that the deceased was intoxicated and fell through hatch three because, being fuddled, he tried to clamber aft over the top of the stow through the dark 'tween decks to hatch four to reach his work. Indeed we do not quite see why anyone should have chosen that route. Be that as it may, there was testimony that he was not drunk; and he had given evidence of a disposition to go to work, when he threw his coat down into hatch four before going forward on the weather deck. It was certainly a permissible inference that he went forward in order to find some place to relieve himself, rather than to go back ashore; and that, after he had done so, he chose the unexpected path to return which he clearly did choose. It is hard, if not impossible, to suggest any more probable explanation for his movements.

Judgment affirmed.